UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KUANG-BAO PAUL OU-YOUNG,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>  Defendants. | Case No. 21-cv-07361-BLF<br><br>**ORDER ADDRESSING ADDITION OF THE UNDERSIGNED AS A DEFENDANT; DISMISSING CERTAIN DEFENDANTS NAMED IN THE FIRST AMENDED COMPLAINT; AND EXTENDING COUNTY DEFENDANTS' DEADLINE TO RESPOND TO FIRST AMENDED COMPLAINT**<br><br>[Re: ECF 21, 22] |

In this order, the Court: (1) addresses Plaintiff's addition of the undersigned as a defendant in the first amended complaint ("FAC"); (2) dismisses certain defendants; and (3) extends the County Defendants' deadline to respond to the FAC.

**I.  BACKGROUND**

Plaintiff Kuang-Bao Paul Ou-Young has been declared a vexatious litigant and is subject to two pre-filing review orders. As relevant here, the second pre-filing review order requires Plaintiff to "obtain leave of court before filing any complaint that alleges claims against federal judges, including United States Supreme Court justices, federal circuit judges, federal district judges, federal magistrate judges, and federal bankruptcy judges." *See* ECF 26 in Case No. 19-cv-07000-BLF.

1    Plaintiff filed the original complaint in this action on September 22, 2021, after a judicial
2 determination that the complaint did not assert claims against federal judges or otherwise within
3 the scope of the applicable pre-filing review orders. *See* Order Authorizing Filing of Compl., ECF
4 1; Compl., ECF 2. On January 25, 2022, this Court dismissed all unserved defendants. *See* Order,
5 ECF 17. The five defendants who had been served – the County of Santa Clara and related
6 individuals ("County Defendants") – filed a motion to dismiss the complaint pursuant to Federal
7 Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Mot. to Dismiss, ECF 19. Plaintiff responded
8 by filing a FAC as of right, adding dozens of new claims and hundreds of new defendants. *See*
9 FAC, ECF 21. Among the newly-added defendants are the undersigned and more than 100 other
10 federal judges. *See id.* The FAC also reasserts claims against defendants that this Court dismissed
11 without leave to amend for failure to effect service of process. *See id.*

12    Upon the filing of the FAC, the undersigned terminated as moot the County Defendants'
13 motion to dismiss the original complaint. *See* Order Terminating Motion, ECF 23. The County
14 Defendants filed an administrative motion to stay their deadline to respond to the FAC pending
15 pre-filing review of the FAC. *See* Admin. Mot. to Stay, ECF 22. Plaintiff filed opposition to the
16 administrative motion to stay. *See* Pl.'s Opp., ECF 25.

**II.    RECUSAL IS NOT WARRANTED**

   Because Plaintiff has named the undersigned as a defendant in the FAC, the Court must consider whether recusal is warranted. Pursuant to 28 U.S.C. § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455 enumerates several circumstances requiring recusal, including where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). "[T]he provisions of § 455(a) & (b)(1) require recusal only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988). "[I]n the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008)

(internal quotation marks and citation omitted).

In the FAC, Plaintiff alleges that the undersigned violated Plaintiff's civil rights by issuing a pre-filing review order and by dismissing pleadings in Plaintiff's prior lawsuits. *See* FAC ¶¶ c17, c21, c25, c28, c53, c58, c59. Because Plaintiff's claims arise from conduct and rulings made in the course of Plaintiffs' legal proceedings, and not from any extrajudicial source, the claims do not warrant recusal of the undersigned.

**III.    FEDERAL JUDGES AND PREVIOUSLY DISMISSED DEFENDANTS**

    **A.    Federal Judges**

It appears that Plaintiff has attempted to end-run the applicable pre-filing review orders by amending his complaint to add federal judges only after his original complaint was approved for filing. "But plaintiff cannot render the court's pre-filing order nugatory with such gamesmanship." *Bruzzone v. McManis*, No. 18-CV-01235-PJH, 2018 WL 1730663, at *1 (N.D. Cal. Apr. 10, 2018). Accordingly, this Court will screen Plaintiff's FAC in accordance with the pre-filing review orders. *See id.* (screening amended pleading that added a new party within the scope of applicable pre-filing review order); *see also Moye v. Rest. Depot*, No. C 19-80004 WHA, 2019 WL 1454118, at *2 (N.D. Cal. Apr. 2, 2019) (screening amended pleading pursuant to pre-filing review order).

The FAC adds claims against 108 individuals that Plaintiff identifies as federal judges, implicating the pre-filing review order discussed above. *See* FAC ¶¶ a25-a41, a48-a130, a135-a142 (identifying federal judges). The FAC fails to state a potentially cognizable claim against any of those individuals. Judges generally are absolutely immune from civil suit. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991) ("[G]enerally, a judge is immune from a suit for money damages."); *Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993) ("Federal judges are absolutely immune from claims for declaratory and injunctive relief arising from their judicial acts."). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11.

"[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*,

1  502 U.S. at 11. "[I]mmunity is overcome in only two sets of circumstances." *Id*. "First, a judge
2  is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial
3  capacity." *Id*. "Second, a judge is not immune for actions, though judicial in nature, taken in the
4  complete absence of all jurisdiction." *Id*.

5  Plaintiff's claims against the individuals identified as federal judges in the FAC are based
6  upon judicial acts, such as issuing or applying pre-filing review orders, dismissing Plaintiff's
7  pleadings and lawsuits, denying his appeals, and the like. Federal judges have absolute judicial
8  immunity for those actions. Accordingly, the following individual defendants identified as federal
9  judges in the FAC are DISMISSED WITHOUT LEAVE TO AMEND:

10  Richard G. Seeborg
11  Phyllis J. Hamilton
12  Lucy H. Koh
13  Edward M. Chen
14  Beth Labson Freeman
15  William H. Orrick
16  Claudia A. Wilken
17  Yvonne Gonzalez Rogers
18  Susan Y. Illston
19  Jeffrey S. White
20  Vince G. Chhabria
21  William H. Alsup
22  James Donato
23  Virginia K. DeMarchi
24  Alex G. Tse
25  Nathanael M. Cousins
26  Laurel Beeler
27  Sarah Evans Barker
28  D. Brock Hornby

4

| | |
|---|---|
| 1 | Ralph R. Beistline |
| 2 | George H. King |
| 3 | Anthony W. Ishii |
| 4 | Stephen M. McNamee |
| 5 | Philip S. Gutierrez |
| 6 | Brian M. Morris |
| 7 | Miranda M. Du |
| 8 | Ronald S. W. Lew |
| 9 | Stefan R. Underhill |
| 10 | Freda L. Wolfson |
| 11 | John P. Bailey |
| 12 | S. Maurice Hicks, Jr. |
| 13 | Sara E. Lioi |
| 14 | Jon E. DeGuilio |
| 15 | John R. Tunheim |
| 16 | Leslie E. Kobayashi |
| 17 | Claire V. Eagan |
| 18 | L. Scott Coogler |
| 19 | Beryl A. Howell |
| 20 | Mary H. Murguia |
| 21 | Sidney R. Thomas |
| 22 | Mary M. Schroeder |
| 23 | Barry G. Silverman |
| 24 | Richard A. Paez |
| 25 | Danielle J. Forrest |
| 26 | Paul J. Watford |
| 27 | Mark J. Bennett |
| 28 | Lawrence VanDyke |

| | |
|---|---|
| 1 | N. Randy Smith |
| 2 | Morgan Christen |
| 3 | Sandra S. Ikuta |
| 4 | Michelle T. Friedland |
| 5 | Alex Kozinski |
| 6 | J. Clifford Wallace |
| 7 | Richard C. Tallman |
| 8 | Richard R. Clifton |
| 9 | Alfred T. Goodwin |
| 10 | Dorothy W. Nelson |
| 11 | William C. Canby, Jr. |
| 12 | Diarmuid F. O'Scannlain |
| 13 | Edward Leavy |
| 14 | Stephen Trott |
| 15 | Ferdinand F. Fernandez |
| 16 | Andrew J. Kleinfeld |
| 17 | Michael Daly Hawkins |
| 18 | Wallace Tashima |
| 19 | Susan P. Graber |
| 20 | M. Margaret McKeown |
| 21 | Kim McLane Wardlaw |
| 22 | William A. Fletcher |
| 23 | Ronald M. Gould |
| 24 | Marsha S. Berzon |
| 25 | Johnnie B. Rawlinson |
| 26 | Jay S. Bybee |
| 27 | Consuelo M. Callahan |
| 28 | Carlos T. Bea |

United States District Court
Northern District of California

| | |
|---|---|
| 1 | Milan D. Smith, Jr. |
| 2 | Jacqueline H. Nguyen |
| 3 | Andrew D. Hurwitz |
| 4 | John B. Owens |
| 5 | Ryan D. Nelson |
| 6 | Eric D. Miller |
| 7 | Bridget S. Bade |
| 8 | Daniel P. Collins |
| 9 | Kenneth Kiyul Lee |
| 10 | Daniel A. Bress |
| 11 | Patrick J. Bumatay |
| 12 | Jeffrey R. Howard |
| 13 | Debra A. Livingston |
| 14 | Michael A. Chagares |
| 15 | Roger L. Gregory |
| 16 | Priscilla R. Owen |
| 17 | Jeffrey S. Sutton |
| 18 | Diane S. Sykes |
| 19 | Lavenski R. Smith |
| 20 | Timothy M. Tymkovich |
| 21 | William H. Pryor, Jr. |
| 22 | Srikanth Srinivasan |
| 23 | Kimberly A. Moore |
| 24 | Pasco M. Bowman |
| 25 | J. Harvie Wilkinson III |
| 26 | John G. Roberts, Jr. |
| 27 | Anthony M. Kennedy |
| 28 | Clarence Thomas |

1    Stephen G. Breyer

2    Ruth Bader Ginsburg[1]

3    Samuel A. Alito, Jr.

4    Sonia Sotomayor

5    Elena Kagan

### B. Previously Dismissed Defendants

The FAC reasserts claims against defendants that the Court has dismissed from this suit for failure to effect service of process. Plaintiff did not obtain leave of court to reassert claims against those defendants, who once again are dismissed. The following defendants are DISMISSED WITHOUT LEAVE TO AMEND:

John Chase

Jeanette Tonini

Karl Sandoval

Karan Dhadialla

Jose Martinez

## IV. COUNTY DEFENDANTS' DEADLINE TO RESPOND TO FAC

On March 3, 2022, the County Defendants filed an administrative motion to stay their deadline to respond to the FAC pending pre-filing review of the FAC. *See* Admin. Mot. to Stay, ECF 22. Plaintiff filed opposition to the administrative motion to stay. *See* Pl.'s Opp., ECF 25. The administrative motion is MOOT in light of the Court's screening of the FAC herein. The County Defendants' deadline to respond to the FAC is EXTENDED to March 28, 2022, which is fourteen days after the issuance of this order.

---

[1] The Court observes that Justice Ruth Bader Ginsberg is deceased.

## V. SERVICE OF REMAINING DEFENDANTS

Federal Rule of Civil Procedure 4(m) requires service of the summons and complaint on all parties within 90 days after the complaint is filed. Plaintiff shall comply with Rule 4(m). Failure to do so will result in dismissal of all unserved defendants without further notice by the Court.

Dated: March 15, 2022

BETH LABSON FREEMAN
United States District Judge