UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KUANG-BAO PAUL OU-YOUNG, <br><br>   Plaintiff, <br><br>   v. <br><br> COUNTY OF SANTA CLARA, et al., <br><br>   Defendants. | Case No.   21-cv-07361-BLF <br><br> **ORDER GRANTING COUNTY DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND; DISMISSING COUNTY DEFENDANTS FROM SUIT WITH PREJUDICE; AND DISMISSING CLAIMS 25, 26, 29, 39, 51, 53, 54, AND 58 FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> [Re:  ECF 27] |

This is the latest in a series of lawsuits filed by *pro se* Plaintiff Kuang-Bao Paul Ou-Young, who has been declared a vexatious litigant in this District and in the Santa Clara County Superior Court.  The operative first amended complaint ("FAC") asserts fifty-nine claims against more than two hundred defendants, including President Joe Biden, former President Barack Obama, United States Attorney General Merrick Garland, and other federal, state, and local entities and officials.  *See* FAC, ECF 21.

Among those sued are the "County Defendants," comprising Santa Clara County ("the County"), Santa Clara County Counsel James R. Williams ("Williams"), Santa Clara County District Attorney Jeffrey F. Rosen ("Rosen"), Santa Clara County Assessor Lawrence E. Stone ("Stone"), and Santa Clara County Registrar of Voters Shannon Bushey ("Bushey").  The County Defendants move to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The motion is fully briefed and has been taken under submission without oral argument.  *See* Order Submitting Motion, ECF 31.

For the reasons discussed below, the County Defendants' motion is GRANTED WITHOUT LEAVE TO AMEND and the County Defendants are DISMISSED WITH PREJUDICE. In addition, Claims 25, 26, 29, 39, 51, 53, 54, and 58 of the FAC are DISMISSED as to all Defendants for lack of subject matter jurisdiction.

## I.  LEGAL STANDARD

### A.  Rule 12(b)(1)

A party may challenge the Court's subject matter jurisdiction by bringing a motion to dismiss under Rule 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, such as that asserted here by the County Defendants, the movant asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint. *See id*.

### B.  Rule 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 550 U.S. at 678.

When evaluating a Rule 12(b)(6) motion, the district court is limited to consideration of the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice.[1] *See Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016).

---

[1] The County Defendants' request for judicial notice of documents filed in one of Plaintiff's prior actions, and of the Santa Clara Registrar of Voters' certification of the June 5, 2018 Statewide Direct Primary Election Results, is GRANTED. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

## II. DISCUSSION

The FAC contains a mishmash of allegations regarding seemingly unrelated events. Ten of the FAC's fifty-nine claims are asserted against one or more County Defendants: Claims 22, 23, 25, 26, 29, 39, 51, 53, 54, and 58. Those claims allege violations of Plaintiff's federal constitutional rights in connection with events occurring in 2016, 2020, 2021, and 2022. The claims themselves do not identify a statutory vehicle for Plaintiff's assertion of civil rights violations, but Plaintiff alleges elsewhere in the FAC that jurisdiction is based in part on 42 U.S.C. §§ 1983 and 1985. FAC ¶ b1. The Court construes the claims against the County Defendants to be asserted under §§ 1983 and 1985.

The County Defendants argue that all claims against them are subject to dismissal under Rule 12(b)(6) on the grounds of statute of limitations, collateral estoppel, prosecutorial immunity, the *Noerr-Pennington* doctrine, and failure to allege sufficient facts. The County Defendants also argue that eight of the ten claims asserted against them are subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction under the substantiality doctrine.

Plaintiff does not address any of the County Defendants' asserted grounds for dismissal, instead limiting his opposition to meritless procedural arguments. First, Plaintiff argues that the County Defendants should have presented their grounds for dismissal in an answer rather than a motion to dismiss. That argument is without merit, as the Federal Rules of Civil Procedure permit a defendant to file a motion to dismiss for lack of subject matter jurisdiction and/or for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1), (b)(6).

Second, Plaintiff contends that this Court illegally extended the County Defendants' deadline to respond to the FAC. Because the County Defendants did not timely respond to the FAC, Plaintiff argues, they have forfeited the right to do so. The Court granted the County Defendants' motion to extend their deadline to respond to the FAC pending pre-filing review of the FAC. *See* Order, ECF 26. A district court has discretion to extend filing deadlines. *See* Fed. R. Civ. P. 6(b)(1). Accordingly, Plaintiff's forfeiture argument is without merit.

Third, Plaintiff asserts that the undersigned should have recused herself from this case after being named as a defendant in the FAC, and that the undersigned is criminally liable for failing to

1  recuse. This Court determined that recusal is not warranted in this case under applicable federal
2  statutes and Ninth Circuit authority. *See* Order, ECF 26. Plaintiff's argument is without merit.
3        Fourth, Plaintiff argues that a single judge may not dismiss the FAC, and that a three-judge
4  panel must be convened pursuant to 28 U.S.C. § 2284. Section 2284 provides that "[a] district
5  court of three judges shall be convened when otherwise required by Act of Congress, or when an
6  action is filed challenging the constitutionality of the apportionment of congressional districts or
7  the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). Section 2284 is not
8  implicated by any of the claims asserted against the County Defendants, all of which are civil
9  rights claims brought under 42 U.S.C. §§ 1983 and/or 1985.
10       Turning to the grounds for dismissal raised by the motion, the Court first addresses the
11 County Defendants' Rule 12(b)(1) motion, asserting that the Court lacks subject matter
12 jurisdiction over certain claims under the substantiality doctrine. "[J]urisdiction generally must
13 precede merits in dispositional order." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577
14 (1999). The Court then addresses the County Defendants' Rule 12(b)(6) arguments.

### A.    Rule 12(b)(1) – Substantiality Doctrine

16 The County Defendants contend that this Court lacks subject matter jurisdiction over the
17 following claims under the substantiality doctrine: Claims 25, 26, 29, 39, 51, 53, 54, and 58.
18       "[I]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial
19 federal question should be presented." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (internal
20 quotation marks and citation omitted). "Under the substantiality doctrine, the district court lacks
21 subject matter jurisdiction when the question presented is too insubstantial to consider." *Cook v.*
22 *Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985). Thus, "federal courts are without
23 power to entertain claims otherwise within their jurisdiction if they are so attenuated and
24 unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly
25 unsubstantial, or no longer open to discussion." *Hagans*, 415 U.S. at 537 (internal quotation
26 marks and citations omitted).
27       Claims that are too insubstantial to give rise to subject matter jurisdiction include those
28 alleging bizarre or wholly implausible conspiracy theories. *See, e.g., Yi Rong v. Seymour*, No.

4

CV-20-00410-TUC-JCH, 2020 WL 7136565, at *2 (D. Ariz. Nov. 13, 2020) (allegations of "an implausible conspiracy between the Arizona Superior Court, its judges and commissioners, and three attorneys" too insubstantial to give rise to federal jurisdiction); *Caruso v. United States*, No. 2:16-cv-2902-TLN-KJN PS, 2017 WL 1426998, at *2 (E.D. Cal. Apr. 21, 2017) (claims that plaintiff was "the focus of a large conspiracy involving attorneys, pharmaceutical companies, and faculty from various academic institutions" too insubstantial to give rise to federal jurisdiction); *Zeiny v. United States*, No. 5:13-CV-01220 EJD, 2014 WL 1051641, at *4 (N.D. Cal. Mar. 17, 2014) (applying substantiality doctrine to dismiss claims alleging "a conspiracy of clandestine CIA control over Plaintiff's travel, religious practice, medical care, and employment due to no reason other than his national origin and involvement with the Muslim community").

Claims 25, 26, 29, 39, 51, 53, 54, and 58 allege eight distinct conspiracies to violate Plaintiff's federal constitutional rights. Those conspiracies allegedly were entered into by judges, federal officials, state officials, and/or local officials. Plaintiff does not set forth any factual bases whatsoever for his conspiracy claims, and in many cases it is unclear how the alleged conspirators' conduct relates to Plaintiff.

Claim 25 alleges that the undersigned "collaborated" with District Judge Edward M. Chen, former United States Attorney David L. Anderson, Williams, and other government officials to deprive Plaintiff of federal constitutional rights by dismissing one of his prior suits. FAC ¶ c25.

Claim 26 alleges a conspiracy between Rosen and former California Attorney General Xavier Becerra to deprive Plaintiff of federal constitutional rights by prosecuting individuals for criminal offenses in fundraising against the 2018 re-election of Santa Clara County Sheriff Laurie Smith. FAC ¶¶ 17, c26. Plaintiff does not allege any relationship between himself and the individuals prosecuted.

Claim 29 alleges a conspiracy between Bushey, Stone, and Rosen to prolong violations of Plaintiff's federal constitutional rights through Bushey's certification of the 2018 re-elections of Stone and Rosen. FAC ¶ c29.

Claim 39 alleges deprivations of Plaintiff's federal constitutional rights arising from an unfavorable ruling on Plaintiff's appeal of the dismissal of a prior lawsuit. FAC ¶ c39. The denial

5

1    allegedly was the result of a collaboration between Ninth Circuit staff, former California Attorney
2    General Xavier Becerra, Vice President and former California Attorney General Defendant
3    Kamala D. Harris, Stone, Rosen, Williams, and others. *Id*.
4         Claim 51 alleges that two California state court judges colluded with Williams and other
5    government officials to deprive Plaintiff of federal constitutional rights by having him declared a
6    vexatious litigant in state court. FAC ¶ c51.
7         Claim 53 alleges a conspiracy between the undersigned, District Judge Edward M. Chen,
8    Williams, and multiple federal and state prosecutors to deprive Plaintiff of federal constitutional
9    rights by extending the time for the defendants to respond to the complaint in one of Plaintiff's
10   prior lawsuits. FAC ¶ c53.
11        Claim 54 alleges that Plaintiff's federal constitutional rights were violated by District
12   Judge Yvonne Gonzalez Rogers' dismissal of one of his prior lawsuits in collusion with
13   Magistrate Judge Laurel Beeler, clerk's office staff, Williams, and multiple federal and state
14   prosecutors. FAC ¶ c54.
15        Claim 58 alleges that the undersigned violated Plaintiff's federal constitutional rights by
16   dismissing certain defendants from the present action, in collusion with Magistrate Judge
17   Nathanael Cousins, former Clerk of Court Susan Y. Soong, Williams, and others. FAC ¶ c59.
18        "These allegations are the type of insubstantial and frivolous conspiracy theory claims that
19   are routinely dismissed under the substantiality doctrine pursuant to Fed. R. Civ. P. 12(b)(1)."
20   *Ticktin v. C.I.A.*, No. CV08-998-PHX-MHM, 2009 WL 976517, at *4 (D. Ariz. Apr. 9, 2009)
21   (collecting cases). Accordingly, the Court determines that it must dismiss Claims 25, 26, 29, 39,
22   51, 53, 54, and 58 for lack of subject matter jurisdiction under the substantiality doctrine.
23        Having made that determination, the Court need not and in fact cannot reach the County
24   Defendants' alternative merits arguments under Rule 12(b) with respect to those claims. *See*
25   *Cook*, 775 F.2d at 1035 (Once a court dismisses claims for lack of subject matter jurisdiction
26   under the substantiality doctrine, the court retains "no power to make judgments relating to the
27   merits of the case.").
28        The Count Defendant's motion to dismiss is GRANTED as to Claims 25, 26, 29, 39, 51,

53, 54, and 58, on the ground that this Court lacks subject matter jurisdiction over those claims under the substantiality doctrine. Because the Court lacks subject matter jurisdiction, Claims 25, 26, 29, 39, 51, 53, 54, and 58 are DISMISSED as to all Defendants.

### B.  Rule 12(b)(6) – Failure to State a Claim

The Court next turns to Claims 22 and 23, the only claims as to which the County Defendants did not seek dismissal under Rule 12(b)(1). The County Defendants argue that Claims 22 and 23 are subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

#### 1.  Claim 22

Claim 22 alleges that that "[a]fter plaintiff's spouse transferred her interest in their residence to plaintiff on June 15, 2016, the county assessor's office terminated plaintiff's homeowner's exemption for the ensuing tax years without a hearing." FAC ¶ c22. The claim goes on to allege that "Santa Clara County, assessor Stone, and clerk Tonini have collaborated to deny plaintiff the Fourth Amendment right against unreasonable seizures and due process of law under the Fourteenth Amendment." *Id*.

The County Defendants assert that this claim is time-barred. As noted above, the Court construes Claim 22 to be brought under § 1983 and/or § 1985. The statute of limitations is two years under both statutes. *See Lenk v. Monolithic Power Sys. Inc.*, No. 19-CV-03791-BLF, 2020 WL 619846, at *11 (N.D. Cal. Feb. 10, 2020). Thus, Plaintiff had until June 2018 to file suit based on events occurring in June 2016. Plaintiff did not file this action until September 2021.

The County Defendants also assert that Claim 22 is barred by the doctrine of res judicata. "The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (internal quotation marks and citation omitted). Plaintiff asserted the same claim, arising out of termination of his homeowner's exemption following his spouse's transfer of her interest in their residence, in the prior suit *Ou-Young v. County of Santa Clara*, No. 21-cv-07922. *See* Defs.' RJN Exh. 1, Seventh Cause of Action. That suit was dismissed with prejudice on the merits. *See* Defs.' RJN Exh. 2, Dismissal Order. The claim was

7

asserted against the same parties in both cases – Santa Clara County, Stone, and Tonini.

The County Defendants' motion to dismiss is GRANTED as to Claim 22 on the grounds that the claim is barred by the statute of limitations and the doctrine of res judicata.

### 2.     Claim 23

Claim 23 alleges that the California Attorney General's Office and the Santa Clara County District Attorney's Office "have evaded initiating investigation in response to plaintiff's October 7, 2016 crime report." FAC ¶ c23. The referenced "crime report" is a "Citizen's Second Crime Report" that Plaintiff alleges he submitted to the California Attorney General's Office and the Santa Clara County District Attorney's Office on October 7, 2016. FAC ¶ 14. Plaintiff claims that the failure to initiate an investigation on his report demonstrates that Vice President and former California Attorney General Kamala D. Harris, Rosen, and others "have colluded to deprive plaintiff of the First Amendment right to petition the government for a redress of grievances and due process of law as well as equal protection of the laws under the Fourteenth Amendment." FAC ¶ c23.

The County Defendants contend that this claim is time-barred. As noted above, the Court construes Claim 23 to be brought under § 1983 and/or § 1985. The statute of limitations is two years under both statutes. *See Lenk*, 2020 WL 619846, at *11. Plaintiff filed this suit more than two years after the 2016 events giving rise to the claim.

Claim 23 also is barred by the doctrine of res judicata. The same claim, based on failure to investigate Plaintiff's October 7, 2016 Citizen's Second Crime Report, was asserted in Plaintiff's prior lawsuit, *Ou-Young v. County of Santa Clara*, No. 21-cv-07922. *See* Defs.' RJN Exh. 1, Eighth Cause of Action. That claim was dismissed with prejudice on the merits. *See* Defs.' RJN Exh. 2, Dismissal Order. The claim was asserted by Plaintiff against the same parties in both cases – Vice President and former California Attorney General Defendant Kamala D. Harris, analyst Kimberly McCrickard, Rosen, and Deputy District Attorney John Chase.

The County Defendants' motion to dismiss is GRANTED as to Claim 23 on the grounds that the claim is barred by the statute of limitations and the doctrine of res judicata. The Court need not and does not reach the County Defendants' other arguments with respect to Claim 23.

**C.     Leave to Amend is Not Warranted**

Having determined that Plaintiff's claims against the County Defendants are subject to dismissal, the Court must decide whether leave to amend is warranted. Leave ordinarily must be granted unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors).

The Court finds no undue delay (factor 1). Moreover, since this is the first time the Court has reviewed Plaintiff's claims in this suit, there has not been a repeated failure to cure deficiencies (factor 3).

However, the Court finds that Plaintiff's insistence on repeatedly asserting claims that have been dismissed – in some instances multiple times – shows that Plaintiff is acting in bad faith (factor 2). Requiring the County Defendants to continue litigating Plaintiff's meritless claims in yet another lawsuit would impose undue prejudice on them (factor 4). Finally, it is apparent from the face of the FAC and Plaintiff's complete lack of response to the County Defendant's substantive arguments that amendment would be futile (factor 5). Based on factors 2, 4, and 5, the Court finds that leave to amend is not warranted.

The County Defendants' motion to dismiss is granted WITHOUT LEAVE TO AMEND.

//
//
//
//
//
//
//
//
//

## IV. ORDER

(1) The County Defendant's motion to dismiss the FAC is GRANTED WITHOUT LEAVE TO AMEND.

(2) The following Defendants are hereby DISMISSED from this suit WITH PREJUDICE: County of Santa Clara, James R. Williams, Jeffrey F. Rosen, Lawrence E. Stone, and Shannon Bushey. The Clerk SHALL terminate these Defendants on the docket.

(3) The following claims are DISMISSED as to all Defendants for lack of subject matter jurisdiction under the substantiality doctrine: Claims 25, 26, 29, 39, 51, 53, 54, and 58.

(4) This order terminates ECF 27.

Dated: May 10, 2022

_____
BETH LABSON FREEMAN
United States District Judge