UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG-BAO PAUL OU-YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER G. RUDY, et al.,<br><br>Defendants. | Case No. 21-cv-07361-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY**<br><br>Re: ECF No. 34 |

Plaintiff Kuang-Bao P. Ou-Young has filed a motion to disqualify Judge Beth Labson Freeman from hearing this case. ECF No. 34. The motion was reassigned to the undersigned pursuant to 28 U.S.C. § 144. ECF Nos. 35 & 36. The time to file an opposition or statement of non-opposition has passed, and none has been filed. The Court finds this matter suitable for disposition without oral argument. Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

Plaintiff cites Judge Freeman's failure to hold a hearing on a motion to dismiss and failure to consider convening a three-judge court as grounds for her disqualification. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). For example, "[a]dverse rulings do not constitute the requisite bias or prejudice" for disqualification under 28 U.S.C. § 144. *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978).

Moreover, Plaintiff's criticisms of Judge Freeman's rulings are unfounded. First, Plaintiff argues that Judge Freeman has deprived him of his due process rights by deciding a motion to dismiss without a hearing. Judge Freeman vacated the motion to dismiss hearing under Civil Local Rule 7-1(b). ECF No. 31. That rule provides that, "[i]n the Judge's discretion, . . . a motion

1  may be determined without oral argument." Civil L.R. 7-1(b).  "Such a local rule is contemplated
2  by Rule 78" of the Federal Rules of Civil Procedure, and the Ninth Circuit has held that deciding a
3  motion to dismiss without oral argument does not violate due process.  *Morrow v. Topping*, 437
4  F.2d 1155, 1156-57 (9th Cir. 1971).  As one court has explained:

> Oral argument on a calendared motion is an inappropriate occasion to present new factual evidence for the Court's consideration. . . .  It is therefore incumbent on federal-court practitioners to include in their briefs all evidence and legal argument they want to be considered.  Where they fail to do so, they cannot later complain that they had no opportunity to be heard.

*Rashidian v. Internal Revenue Serv.*, No. SACV 14-16-JLS (DFMx), 2015 WL 13343584, at *5 (C.D. Cal. Feb. 26, 2015) (concluding that deciding a summary judgment motion without a hearing did not violate due process).

Second, Plaintiff contends that Judge Freeman improperly failed to convene a three-judge court, which he asserts is required because he challenges the constitutionality of 28 U.S.C. §§ 351-64.  Under 28 U.S.C. § 2284, "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."  28 U.S.C. § 2284.  Plaintiff cites no Act of Congress that requires a three-judge court in this case.  Nor does the case concern apportionment of congressional districts or any statewide legislative body.  A three-judge court is therefore not required.

Finally, Plaintiff invokes Rule 56(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 547(1) in his motion.  Neither applies to his motion to disqualify Judge Freeman.  Rule 56 concerns summary judgment, not disqualification of a judge.  And Section 547(1) provides that the United States Attorney shall "prosecute all offenses against the United States."  Plaintiff cites no authority that the statute gives this Court jurisdiction to order the United States Attorney to show cause as to why Judge Freeman "should not face criminal prosecution."  ECF No. 34 at 3.  To the extent Plaintiff believes he is entitled to summary judgment, as well as injunctive relief concerning "the election of Santa Clara County district attorney and assessor later this year," *id.*, he may make those requests to Judge Freeman.  Any requests for criminal prosecution should be

1   presented directly to the United States Attorney.

2         Plaintiff has failed to demonstrate any "deep-seated favoritism or antagonism that would
3   make fair judgment impossible" by Judge Freeman.  *Liteky*, 510 U.S. at 555.  His motion to
4   disqualify Judge Freeman is therefore denied.

5         **IT IS SO ORDERED.**

6   Dated:  June 14, 2022

                                                    JON S. TIGAR
                                         United States District Judge