UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KUANG-BAO PAUL OU-YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER G. RUDY, et al.,<br><br>Defendants. | Case No. 21-cv-07361-BLF<br><br>**ORDER VACATING MOTION HEARING SET FOR AUGUST 18, 2022; GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS OFFICIAL CAPACITY CLAIMS WITHOUT LEAVE TO AMEND;** *SUA SPONTE* **DISMISSING INDIVIDUAL CAPACITY CLAIMS WITHOUT LEAVE TO AMEND; AND DISMISSING FEDERAL DEFENDANTS WITH PREJUDICE**<br><br>[Re: ECF 39] |

Plaintiff Kuang-Bao Paul Ou-Young, proceeding *pro se*, claims that hundreds of federal, state, and local government officials entered into multiple conspiracies to deprive him of his civil rights between 2016 and 2022. The only remaining defendants are eighty-two persons affiliated with the federal government ("the Federal Defendants"). The United States of America ("the Government") has appeared on behalf of the Federal Defendants in their official capacities only, and it seeks dismissal of all claims against Federal Defendants in their official capacities under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Government has not appeared on behalf of the Federal Defendants in their individual capacities, but it urges the Court to dismiss all claims against the Federal Defendants in their individual capacities *sua sponte*. The Court finds

the motion to be suitable for decision without oral argument and VACATES the August 18, 2022 hearing. *See* Civ. L.R. 7-1(b).

The motion to dismiss all claims against the Federal Defendants in their official capacities is GRANTED WITHOUT LEAVE TO AMEND. The Court *sua sponte* DISMISSES all claims against the Federal Defendants in their individual capacities WITHOUT LEAVE TO AMEND. The Federal Defendants are DISMISSED from this suit WITH PREJUDICE.

**I.     BACKGROUND**

This is yet another in a series of actions filed by Plaintiff against judges who ruled against him and government officials who allegedly wronged him. Plaintiff has been declared a vexatious litigant in this District and in the Santa Clara County Superior Court for filing repeated lawsuits of this kind. The operative first amended complaint ("FAC") asserts fifty-nine claims against more than two hundred defendants. *See* FAC, ECF 21. The Court has dismissed the majority of the defendants, some for failure to serve process, some pursuant to pre-filing review orders, and some on the merits after motion practice. *See Order Summarizing Status*, ECF 42. The Court also has dismissed the following claims as to all defendants pursuant to the substantiality doctrine: Claims 25, 26, 29, 39, 51, 53, 54, and 58. *See* Order Granting County Defs.' Mot. to Dismiss, ECF 32. The Court issued an Order Summarizing Status of Service of Process Re All Defendants ("Order Summarizing Status") on June 16, 2022, advising that the only defendants remaining in the case are the eighty-two Federal Defendants who have filed the current motion. *See* Order Summarizing Status, ECF 42.

The claims against the Federal Defendants, excluding those that already have been dismissed as noted above, are: Claims 10, 12, 13, 14, 15, 20, 24, 27, 28, 30, 31, 32, 33, 34, 35, 43, 46, 56, and 57. Those claims accuse the Federal Defendants of collaborating, conspiring, and colluding to deprive Plaintiff of his constitutional civil rights. The claims themselves do not identify the legal bases for Plaintiff's civil rights claims, but other allegations in the FAC indicate that those claims are brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau*

2

*of Narcotics*, 403 U.S. 388 (1971),[1] 42 U.S.C. § 1983, and 42 U.S.C. § 1985. FAC ¶ b1. Plaintiff seeks money damages in excess of $300 billion and a declaration that his civil rights were violated. FAC Request for Relief.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A party may challenge the Court's subject matter jurisdiction by bringing a motion to dismiss under Rule 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, such as that asserted here by the Federal Defendants, the movant asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint. *See id*.

### B. Rule 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 550 U.S. at 678.

## III. DISCUSSION

Plaintiff does not specify whether the Federal Defendants are sued in their official or individual capacities. As noted above, the Government has filed the current motion to dismiss on behalf of the Federal Defendants in their official capacities and has suggested that the Court should dismiss *sua sponte* the claims against the Federal Defendants in their individual capacities. The Court previously struck Plaintiff's proofs of service of process on certain of the Federal Defendants and granted Plaintiff until July 8, 2022 to file amended proofs of service. *See* Order

---

[1] "[A] *Bivens* action is the federal analog to an action against state or local officials under § 1983." *Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011) (internal quotation marks and citation omitted).

Striking Proofs of Service, ECF 48.  In light of the Government's appearance on behalf of the Federal Defendants in their official capacities, Plaintiff need not file amended proofs of service, and his failure to file valid proofs of service on the Federal Defendants will not affect the Court's disposition of the current motion to dismiss.[2]

### A. Claims against the Federal Defendants in their Official Capacities

The Government argues that all claims asserted against the Federal Defendants in their official capacities are subject to dismissal under Rule 12(b)(1) based on the substantiality doctrine and sovereign immunity, and under Rule 12(b)(6) for failure to state a claim.

Plaintiff's opposition does not address the grounds for dismissal raised by the motion. Instead, Plaintiff advances seven arguments challenging the undersigned's authority and characterizing as "illegal" various aspects of this case.  Opp., ECF 44.  F

First, Plaintiff asserts that this Court's decision to grant the County Defendants' motion to dismiss without oral argument violated his civil rights.  The District's Civil Local Rules grant district judges express authority to decide motions without oral argument.  *See* Civ. L.R. 7-1(b). Second, Plaintiff argues that this Court lacks authority to dismiss Claims 1-9 of the FAC without convening a three-judge panel pursuant to 28 U.S.C. § 2284.  Claims 1-9 are not asserted against the Federal Defendants and § 2284 is not implicated by any of the claims that are asserted against the Federal Defendants.

Third, Plaintiff contends that the County Defendants' substitution of Deputy County Counsel Winifred Botha for Deputy County Counsel Jose L. Martinez constitutes an admission that Deputy County Counsel Martinez "collaborated with judge Freeman in order to illegally respond to the FAC."  Opp. at 2.  Fourth, Plaintiff contends that Judge Tigar is "criminally liable" for denying Plaintiff's motion to disqualify the undersigned.  Opp. at 3.  Fifth, Plaintiff contends that Judge Tigar's denial of the motion to disqualify constitutes an admission of "the illegality" of

---

[2] Plaintiff still must file amended proofs of service on certain state, local, and private defendants by July 1, 2022 if he intends to pursue claims against them.  *See* Order Striking Proofs of Service, ECF 45.  While those defendants previously were dismissed from this suit for failure to serve process, the Court has granted Plaintiff leave to file valid proofs of service demonstrating that those defendants were served in compliance with Federal Rule of Civil Procedure 4.  *See id.*  The Court will defer entering judgment in this case until after expiration of the July 1, 2022 deadline.

4

1    dismissing the FAC.  *Id*.  Those contentions are nonsensical.

2          Sixth, Plaintiff asserts that the United States Attorney's Office improperly removed a
3    different case from the Santa Clara County Superior Court, which was assigned to District Judge
4    Yvonne Gonzalez Rogers and subsequently dismissed.  Plaintiff asserts that the removal of the
5    case and subsequent dismissal violated his constitutional rights.  Seventh, Plaintiff asserts that the
6    United States Attorney's Office lacks authority to seek dismissal of the FAC in this case and
7    instead must institute criminal proceedings against the undersigned, Judge Tigar, Judge Gonzalez
8    Rogers, Deputy County Counsel Martinez, and itself.  Plaintiff cites no authority precluding the
9    United States Attorney's Office from removing a case to federal court or requiring it to prosecute
10   government officials before seeking dismissal of non-meritorious civil claims against them.

11         The Federal Defendants' reply points out the shortcomings of Plaintiff's opposition in
12   great detail, making clear that the opposition lacks any merit whatsoever and is irrelevant to the
13   Court's evaluation of the grounds for dismissal argued by the Federal Defendants.

14         The official capacity claims against the Federal Defendants are subject to dismissal without
15   leave to amend for the reasons articulated in the motion and discussed below.  The Court first
16   addresses the Federal Defendants' arguments based on lack of subject matter jurisdiction, because
17   "jurisdiction generally must precede merits in dispositional order."  *Ruhrgas AG v. Marathon Oil*
18   *Co.*, 526 U.S. 574, 577 (1999).  The Federal Defendants contend that this Court lacks subject
19   matter jurisdiction over all claims asserted against them based on the substantiality doctrine and
20   sovereign immunity.

21         **1.**    **Substantiality Doctrine**

22         "[I]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial
23   federal question should be presented."  *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (internal
24   quotation marks and citation omitted).  "Under the substantiality doctrine, the district court lacks
25   subject matter jurisdiction when the question presented is too insubstantial to consider."  *Cook v.*
26   *Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985).  Thus, "federal courts are without
27   power to entertain claims otherwise within their jurisdiction if they are so attenuated and
28   unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly

unsubstantial, or no longer open to discussion." *Hagans*, 415 U.S. at 537 (internal quotation marks and citations omitted).

Claims that are too insubstantial to give rise to subject matter jurisdiction include those alleging bizarre or wholly implausible conspiracy theories. *See, e.g., Yi Rong v. Seymour*, No. CV-20-00410-TUC-JCH, 2020 WL 7136565, at *2 (D. Ariz. Nov. 13, 2020) (allegations of "an implausible conspiracy between the Arizona Superior Court, its judges and commissioners, and three attorneys" too insubstantial to give rise to federal jurisdiction); *Caruso v. United States*, No. 2:16-cv-2902-TLN-KJN PS, 2017 WL 1426998, at *2 (E.D. Cal. Apr. 21, 2017) (claims that plaintiff was "the focus of a large conspiracy involving attorneys, pharmaceutical companies, and faculty from various academic institutions" too insubstantial to give rise to federal jurisdiction); *Zeiny v. United States*, No. 5:13-CV-01220 EJD, 2014 WL 1051641, at *4 (N.D. Cal. Mar. 17, 2014) (applying substantiality doctrine to dismiss claims alleging "a conspiracy of clandestine CIA control over Plaintiff's travel, religious practice, medical care, and employment due to no reason other than his national origin and involvement with the Muslim community").

The nineteen remaining claims against the Federal Defendants assert a series of separate conspiracies and alleged misconduct involving judges and federal officials in all three branches of government to deprive Plaintiff of various constitutional rights. The Court previously dismissed similar claims against the County Defendants under the substantiality doctrine. *See* Order Granting County Defs.' Mot. to Dismiss at 7. There is no meaningful difference between those claims and the claims asserted against the Federal Defendants. The Court determines that the claims against the Federal Defendants are subject to dismissal under the substantiality doctrine.

Claim 10 alleges that in 2011 Judge Seeborg collaborated with President Obama, Attorney General Holder, U.S. Attorney Haag, AUSA Scharf, Postmaster General Potter, and Court staff by dismissing one of Plaintiff's prior suits. FAC ¶ c10.

Claim 12 alleges a conspiracy with respect to the dismissal of a subsequent suit filed by Plaintiff, but substitutes Judge Koh and Postmaster General Donahoe for their counterparts in Claim 10, removes Attorney General Holder, and adds AUSA Cormier. FAC ¶ c12.

Claim 13 alleges a conspiracy between Supreme Court Justices and Solicitor General

Verrilli in connection with the denial of Plaintiff's petition for a writ of certiorari in 2013. FAC ¶ c13.

Claim 14 alleges a conspiracy between Judge Illston and federal prosecutors in connection with the dismissal of a third lawsuit. FAC ¶ c14.

Claim 15 alleges that Judge Chen conspired with federal prosecutors and Court staff in declaring Plaintiff a vexatious litigant in 2013 and dismissing a fourth lawsuit. FAC ¶ c15.

Claim 20 alleges that Judge Gonzales Rogers conspired with Judge Chen and Postmaster General Brennan in the pre-filing screening of a lawsuit conducted pursuant to that vexatious litigant order. FAC ¶ c20.

Claim 24 alleges a conspiracy between Judge Orrick and federal prosecutors in refusing to permit Plaintiff to intervene in a lawsuit regarding immigration policy. FAC ¶ c24.

Claim 27 alleges that Court staff conspired with Judge Hamilton in declining to file one of Plaintiff's complaints. FAC ¶ c27.

Claim 28 alleges a conspiracy among this Court, state prosecutors, and Court staff arising from the dismissal of a complaint based on this Court's pre-filing screening order. FAC ¶ c28.

Claims 30, 31, 32, 56, and 57 allege conspiracies to "legitimize," "continue," "prolong," or "sustain" violations of Plaintiff's civil rights based on political and judicial appointments and certifications of elections: Claim 30 asserts that Senator Padilla colluded with Vice President Harris by certifying her election as Senator and Vice President, FAC ¶ c30; Claim 31 asserts that President Biden conspired with Secretary Becerra in selecting him as Secretary of Health and Human Services, FAC ¶ c31; Claim 32 asserts a conspiracy between Governor Newsom and Senator Padilla in the latter's appointment to the Senate, FAC ¶ c32; Claim 56 asserts a conspiracy between President Biden, President Obama, Vice President Harris, Senator Padilla, Governor Newsom, and California Secretary of State Weber in certifying the results of the Newsom recall election, FAC ¶ c56; and Claim 57 asserts that President Biden conspired with Judge Koh by nominating her to the Ninth Circuit. FAC ¶ c57.

Claim 33, the only claim against the Federal Defendants not predicated on an alleged conspiracy, asserts that Attorney General Barr "prolonged" the violation of Plaintiff's civil rights

by resigning from office without responding to Plaintiff's petition for the Attorney General to intervene in one of his prior lawsuits. FAC ¶ c33.

Claims 34 and 35 allege conspiracies among various Members of Congress to "prolong" and "sustain" violations of Plaintiff's civil rights arising from the two impeachments of the former President and the certification of House Speaker Pelosi. FAC ¶¶ c34, c35.

Claim 43 alleges that Ninth Circuit Executive Smith "collaborated" with Ninth Circuit Chief Justice Thomas by returning to Plaintiff a judicial misconduct complaint "for correction." FAC ¶ c43.

Claim 46 alleges that unnamed members of the 107th Congress "collaborated to deprive plaintiff of civil rights" by enacting "the Judicial Conduct and Disability Act of 1980." FAC ¶ c46.

"These allegations are the type of insubstantial and frivolous conspiracy theory claims that are routinely dismissed under the substantiality doctrine pursuant to Fed. R. Civ. P. 12(b)(1)." *Ticktin v. C.I.A.*, No. CV08-998-PHX-MHM, 2009 WL 976517, at *4 (D. Ariz. Apr. 9, 2009) (collecting cases). "District courts in this and other circuits dismiss cases with prejudice when they—like this case—involve claims regarding implausible government conspiracies. . . ." *Foster v. Carter*, No. 3:16-CV-02336-LB, 2016 WL 7852472, at *3 (N.D. Cal. Dec. 1, 2016). The Court dismisses Claims 10, 12, 13, 14, 15, 20, 24, 27, 28, 30, 31, 32, 33, 34, 35, 43, 46, 56, and 57 for lack of subject matter jurisdiction under the substantiality doctrine.

The motion to dismiss all official capacity claims against the Federal Defendants for lack of subject matter jurisdiction under the substantiality doctrine is GRANTED WITHOUT LEAVE TO AMEND.

### 2.  Sovereign Immunity

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see also Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) ("The United States is immune from suit unless it consents to waive its sovereign immunity."). "Any waiver of immunity must be unequivocally expressed, and any limitations and conditions upon the waiver must be strictly observed and exceptions thereto are

not to be implied." *Id*. (internal quotation marks and citation omitted). "The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities." *Hodge*, 107 F.3d at 707.

As noted above, Plaintiff sues the Federal Defendants in their official capacities for alleged constitutional violations under *Bivens*, § 1983, and § 1985, seeking money damages and a declaration that his civil rights were violated. FAC Request for Relief. Those claims are barred by sovereign immunity. "[T]he United States has not waived its sovereign immunity in actions seeking damages for constitutional violations." *Thomas-Lazear v. F.B.I.*, 851 F.2d 1202, 1207 (9th Cir. 1988). Moreover, "[a] *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (internal quotation marks and citation omitted). "This is because a *Bivens* suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity." *Id*.

While Plaintiff's constitutional claims appear to be brought under *Bivens*, § 1983, and § 1985, the FAC does includes references to other statutes, including 28 U.S.C. § 1331, 28 U.S.C. § 2801, 28 U.S.C. § 1343, and 42 U.S.C. § 1988. FAC ¶ b.1. None of those statutes waive the United States' sovereign immunity. Under 28 U.S.C. § 1331, a district court has original jurisdiction in all civil actions arising under the Constitution, laws or treaties of the United States, but the statute "cannot by itself be construed as constituting a waiver of the government's defense of sovereign immunity." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

The Declaratory Judgment Act, codified at 28 U.S.C. § 2801, "does not constitute an independent basis for jurisdiction." *Gabriel v. Gen. Servs. Admin.*, 547 F. App'x 829, 831 (9th Cir. 2013). "Numerous courts have concluded that the Declaratory Judgment Act cannot be construed as a waiver of sovereign immunity." *Wanxia Liao v. United States*, No. C 11-02494 JSW, 2012 WL 3945772, at *10 (N.D. Cal. Apr. 16, 2012).

Under 28 U.S.C. § 1343, a district court has original jurisdiction over certain civil actions; however, that statute "does not waive sovereign immunity." *Jachetta v. United States*, 653 F.3d

9

1    898, 907-08 (9th Cir. 2011).  Finally, 42 U.S.C. § 1988 "does not create independent causes of

2    action, it simply defines procedures under which remedies may be sought in civil rights actions."

3    *Lukenbill v. Dep't of the U.S. Air Force*, No. CV F 10-1003 LJO SKO, 2010 WL 3717297, at *9

4    (E.D. Cal. Sept. 16, 2010) (quotation marks and citation omitted).

5        The motion to dismiss all official capacity claims against the Federal Defendants for lack

6    of subject matter jurisdiction on the ground of sovereign immunity is GRANTED WITHOUT

7    LEAVE TO AMEND.

        **3.    Conclusion**

9        In conclusion, the Court determines that the motion to dismiss all official capacity claims

10   against the Federal Defendants – Claims 10, 12, 13, 14, 15, 20, 24, 27, 28, 30, 31, 32, 33, 34, 35,

11   43, 46, 56, and 57 – must be GRANTED WITHOUT LEAVE TO AMEND for lack of subject

12   matter jurisdiction.  In light of its determination that all official capacity claims against the Federal

13   Defendants are subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, the

14   Court is without authority to reach the Federal Defendants' alternative merits arguments under

15   Rule 12(b)(6).  *See Cook*, 775 F.2d at 1035 (Once a court dismisses claims for lack of subject

16   matter jurisdiction under the substantiality doctrine, the court retains "no power to make

17   judgments relating to the merits of the case.").

        **B.    Claims against the Federal Defendants in their Individual Capacities**

19       Although the Government does not represent the Federal Defendants in their individual

20   capacities, the Government argues in its brief that there are numerous grounds for the Court to

21   dismiss all individual capacity claims against the Federal Defendants *sua sponte*.  *See* Mot. at 17-

22   24, ECF 39.  Plaintiff does not respond to the Government's suggestion that the Court should

23   dismiss all individual capacity claims sua sponte.

24       The Court determines that all claims against Federal Defendants in their individual

25   capacities are subject to dismissal for lack of subject matter jurisdiction under the substantiality

26   doctrine.  All of the arguments and authorities on the substantiality doctrine discussed above with

27   respect to the claims against the Federal Defendants in their official capacities apply with equal

28   force to claims brought against the Federal Defendants in their individual capacities.

United States District Court
Northern District of California

10

The claims against the Federal Defendants in their individual capacities also are subject to dismissal for lack of subject matter jurisdiction under various absolute immunities. *See Ou-Young v. Roberts*, No. CV 13-03676 SI, 2013 WL 5978458, at *2 (N.D. Cal. Nov. 8, 2013) ("A claim of entitlement to absolute immunity can be brought as a motion to dismiss under Rule 12(b)(1)."); *Uptergrove v. United States*, No. CV F-08-0303 AWISMS, 2008 WL 2413182, at *5 (E.D. Cal. June 12, 2008) ("Thus, where an official is entitled to absolute immunity, that immunity bars the court's jurisdiction as to claims against that official so that dismissal is warranted pursuant to Rule 12(b)(1)."). Federal court personnel have absolute quasi-judicial immunity when performing tasks that are "an integral part of the judicial process." *Mullis v. United States Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987). "The absolute immunity of legislators, in their legislative functions . . . is well settled." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Current and former presidents of the United States are "entitled to absolute immunity from damages liability predicated on [their] official acts." *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982). Government attorneys are entitled to absolute immunity for acting in their capacity as advocates. *See Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991).

In conclusion, the Court determines that all individual capacity claims against the Federal Defendants – Claims 10, 12, 13, 14, 15, 20, 24, 27, 28, 30, 31, 32, 33, 34, 35, 43, 46, 56, and 57 – must be DISMISSED WITHOUT LEAVE TO AMEND for lack of subject matter jurisdiction.

In light of its determination that all individual capacity claims against the Federal Defendants are subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, the Court is without authority to reach other potential grounds for dismissal under rule 12(b)(6). *See Cook*, 775 F.2d at 1035 (Once a court dismisses claims for lack of subject matter jurisdiction under the substantiality doctrine, the court retains "no power to make judgments relating to the merits of the case.").

### C  Dismissal of Federal Defendants with Prejudice is Appropriate

All claims against the Federal Defendants in both their official capacities and their individual capacities having been dismissed for lack of subject matter jurisdiction, the Federal Defendants listed in part IV below are DISMISSED from this suit WITH PREJUDICE.

11

## IV. ORDER

It is HEREBY ORDERED that:

(1) The motion to dismiss all claims against the Federal Defendants in their official capacities is GRANTED WITHOUT LEAVE TO AMEND;

(2) All claims against the Federal Defendants in their individual capacities are *sua sponte* DISMISSED WITHOUT LEAVE TO AMEND;

(3) The Federal Defendants, listed below, are DISMISSED from this suit WITH PREJUDICE:

Susan Y. Soong

Kathleen M. Shambaugh

Snooki Puli

Tiffany Salinas-Harwell

Betty Walton

Diane Miyashiro

Lisa B. Fitzgerald

Elizabeth A. Smith

Molly C. Dwyer

Jessica Poblete Dela Cruz

Joseph R. Biden, Jr.

Kamala D. Harris

Merrick B. Garland

Xavier Becerra

Barack H. Obama

Eric H. Holder, Jr.

Jefferson B. Sessions III

William P. Barr

Donald B. Verrilli, Jr.

Stephanie M. Hinds

1    Melinda Haag
2    Brian J. Stretch
3    David L. Anderson
4    Michelle Lo
5    Pamela T. Johann
6    Sara Winslow
7    James A. Scharf
8    Claire T. Cormier
9    John E. Potter
10    Patrick R. Donahoe
11    Megan Brennan
12    Alex Padilla
13    Nancy P. Pelosi
14    Jared W. Huffman
15    John R. Garamendi
16    C. Michael Thompson
17    Doris O. Matsui
18    Amerish B. Bera
19    Jerry McNerney
20    Joshua K. Harder
21    Mark DeSaulnier
22    Barbara J. Lee
23    K. L. Jacqueline Speier
24    Eric M. Swalwell
25    James M. Costa
26    Rohit Khanna
27    Anna G. Eshoo
28    Zoe Lofgren

| | |
|---|---|
| 1 | James V. Panetta |
| 2 | Salud O. Carbajal |
| 3 | Julia A. Brownley |
| 4 | Judy M. Chu |
| 5 | Adam B. Schiff |
| 6 | Antonio Cardenas |
| 7 | Bradley J. Sherman |
| 8 | Peter R. Aguilar |
| 9 | Graciela F. Napolitano |
| 10 | Ted W. Lieu |
| 11 | Jimmy Gomez |
| 12 | Norma J. Torres |
| 13 | Raul Ruiz |
| 14 | Karen R. Bass |
| 15 | Linda T. Sanchez |
| 16 | Lucille E. Roybal-Allard |
| 17 | Mark A. Takano |
| 18 | Maxine M. Waters |
| 19 | Nanette D. Barragan |
| 20 | Katherine M. Porter |
| 21 | J. Luis Correa |
| 22 | Alan S. Lowenthal |
| 23 | Michael T. Levin |
| 24 | Juan C. Vargas |
| 25 | Scott H. Peters |
| 26 | Sara J. Jacobs |
| 27 | Jerrold L. Nadler |
| 28 | Jamin B. Raskin |

14

        Joaquin Castro

        David N. Cicilline

        Madeleine Dean

        Diana L. DeGette

        Joseph D. Neguse

        Members of the 107th Congress are U.S. senators or representatives 14 who served between January 3, 2001 and January 3, 2003[3]

(4)    This order terminates ECF 39.

Dated: June 29, 2022

                                      BETH LABSON FREEMAN
                                      United States District Judge

---

[3] The Court follows Plaintiff's lead in treating this group as a single defendant. *See* FAC ¶ 214.